

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-77,138-29

**EX PARTE SENRICK SHERN WILKERSON, Applicant**

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W08-60213-J(D) IN CRIMINAL DISTRICT COURT NO. 3 FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of compelling prostitution and sentenced to eight years' imprisonment. The Fifth Court of Appeals affirmed his conviction. *Wilkerson v. State*, No. 05-11-00060-CR (Tex. App.—Dallas July 16, 2012) (not designated for publication).

Applicant contends, among other things, that the trial court granted his motion for new trial. The trial court found that there were no controverted, previously unresolved facts and recommended

that we deny this application. We believe that the record is not adequate to resolve Applicant's claim.

Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall determine whether the factual basis of Applicant's claim was available when he filed the -14 application in Dallas County on July 23, 2013. TEX. CODE CRIM. PROC. art. 11.07, § 4(c). The trial court shall then determine whether Applicant's motion for new trial was granted; if so, whether this was the product of judicial reasoning and not a clerical mistake; who signed the motion at a later date; and when it was signed. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall

be obtained from this Court.

Filed: April 1, 2015
Do not publish